UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

| | |
|---|---|
| GREGORY KEITH CLINTON, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>MR. KEVIN KERBS,<br>THE EOUSA OFFICE, )<br>  )<br>  Defendants. ) | Civil Action No. 5:21-cv-10<br>Judge Bailey |

## REPORT AND RECOMMENDATION

On January 19, 2021, the plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). [Doc. 1]. In addition. The plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. [Doc. 2]. On January 25, 2021, the plaintiff filed a Motion for Summary Judgment. [Doc. 6]. This matter is pending before the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL AND PROCEDURAL HISTORY

**A.    Criminal Action No. 3:17-0005:**

By Superseding Indictment issued by a grand jury in the Northern District of West Virginia on March 21, 2017, Plaintiff was charged with one count of being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count One), two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 844

(Counts Two and Four), and two counts of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 844 (Counts Three and Five). United States v. Clinton, Case No. 3:17-cr-0005 (N.D.W.Va. August 29, 2018), Document No. 40. On April 19, 2018, following a jury trial, Plaintiff was convicted of Counts One, Four, and Five of the Superseding Indictment and of lesser included offenses as to Counts Two and Three of the Superseding Indictment. Id., Document No. 182. Additionally, the jury returned a special verdict form as to the forfeiture finding that a firearm (Ruger, Model P90, .45 caliber pistol) was knowingly used during the commission of Counts One, Four, and Five. Id., Document No. 185. On August 27, 2018, the United States District Judge Gina M. Groh sentenced Plaintiff to a total term of 264 months of imprisonment[1] to be followed by five years of supervised release. Id., Document No. 205. District Judge Groh further imposed a $350.00 special assessment. Id.

On August 29, 2018, Plaintiff filed his Notice of Appeal. Id., Document No. 207. On appeal, Plaintiff argued as follows: (1) The District Court erred in denying his motion to suppress evidence and his motion for judgment of acquittal or new trial; (2) Judicial misconduct; (3) Lack of jurisdiction; (4) Perjury; (5) Ineffective assistance of counsel; and (6) Improper forfeiture. On May 14, 2019, the Fourth Circuit affirmed Plaintiff's convictions and sentences. United States v. Clinton, 770 Fed.Appx. 109 (4th Cir. 2019).

On July 15, 2019, Plaintiff filed a "Motion for Acquittal or New Trial, Motion for Release from Custody, Motion for Property to be Returned." Id., Document No. 295. On July 22, 2019, Plaintiff filed his Supplemental Motion for Acquittal or New Trial,

---

[1] Specifically, the District Court sentenced Plaintiff as follows: "Two Hundred Sixty-Four (264) months: On Count One, a term of 264 months; On each of Counts Two and Three, a term of 12 months on each count; On each of Counts Four and Five, a term of 240 months on each count, all to run concurrent."

Prosecutorial Misconduct, and/or Resentencing. Id., Document No. 298. On August 1, 2019, the District Court denied Plaintiff's above motions as moot in light of the Fourth Circuit's Opinion and issuance of the Mandate. Id., Document No. 303.

On September 6, 2019, Plaintiff filed a Motion for Return of Property pursuant to Rule 41(g). Id., Document No. 324. The District Court denied Plaintiff's Motion on September 10, 2019. Id., Document No. 328. On October 11, 2019, Plaintiff filed a Motion for Reconsideration of his Motion for Return of Property. Id., Document No. 342. On September 23, 2019, Plaintiff filed a Motion for Acquittal and Motion for New Trial. Id., Document No. 335. On October 16, 2019, Plaintiff filed a "Motion for Default/Grant Acquittal via Rule 55(a)(d) Federal Rules of Criminal Procedure." Id., Document No. 343. On November 25, 2019, Plaintiff filed a "Motion to Dismiss All Charges for Lack of Jurisdiction Via Rule 48(a)." Id., Document No. 367.

On December 2, 2019, Plaintiff filed a "Writ of Mandamus" arguing that he was illegally sentenced on "fraudulent counts 1s, 2s, 3s, 4s, and 5s" because "the jury did not find defendant guilty" of these counts. Id., Document No. 369. Plaintiff's "Writ of Mandamus" was transferred to the Fourth Circuit on December 16, 2019. On February 25, 2020, Plaintiff filed a "Motion for Default Judgment Writ of Mandamus and Writ of Mandamus Amended." Id., Document No. 395. On March 12, 2020, the Fourth Circuit denied Plaintiff's petition for writ of mandamus. In re Clinton, 796 Fed.Appx. 814 (4th Cir. 2020).

On January 9, 2020, Plaintiff filed a "Motion to Correct Judgment in Criminal Case 3:17-cr-5, Count 1 (Dismissed)." Id., Document No. 380. Specifically, Plaintiff argued that "on 08/27/2018, Count 1 was dismissed by USA (Anna Z. Krasinski) [and] on 08/29/2018, document 205 . . . was filed incorrectly into the court records." Id. On January 21, 2020,

Plaintiff filed a "Motion to Dismiss Counts, Count One and 1s, Motion to Amend Judgment Order." Id., Document No. 384. Similar to the Motion filed on January 9, 2020, Plaintiff again argued that Counts 1 and 1s should be dismissed based on the United States' oral motion made in open court on August 27, 2018. Id. On March 18, 2020, Plaintiff filed a "Motion to Dismiss All Counts in Case 3:17-cr-5." Id., Document No. 402. By Order entered on April 20, 2020, the District Court denied Plaintiff's *pro se* Motions (Document Nos. 335, 342, 343, 356, 367, 380, 384, 402). Id., Document No. 405.

On April 28, 2020, Plaintiff filed a "Motion to Correct Judgment and Commitment Order Document 205 Filed 8/29/2018". Id., Document No. 411. Plaintiff again argued that Counts One through Five were dismissed on August 27, 2018, and District Court still has not corrected his Judgment and commitment order. Id. Plaintiff, therefore, concluded that he was illegally incarcerated. Id. Plaintiff requested his immediate release from custody, return of property, and monetary damages. Id. The District Court denied Plaintiff's above Motion finding no defects in its Judgment. Id., Document No. 413.

Subsequently, Plaintiff filed in the Fourth Circuit a petition for rehearing concerning his direct appeal. On June 29, 2020, the Fourth Circuit denied Plaintiff's petition for rehearing. Id., Document No. 426. On August 6, 2020, Plaintiff filed in the Fourth Circuit a "Writ of Error." Id., Document No. 431. Plaintiff argues that his original and Superseding Indictments improperly allege that Plaintiff possessed a firearm on August 11, 2008. Id. Plaintiff states that Case Number 3:08-cr-5 was a drug case completely unrelated to Case No. 3:17-cr-005. Id. Plaintiff further argues that the original and Superseding Indictments were dismissed with prejudice on August 27, 2018. Id.

**B.    First Section 2255 Motion:**

On September 12, 2018, Plaintiff, acting *pro se*, filed in the Northern District of West Virginia his letter-form Section 2255 Motion. Id., Document No. 219. On May 31, 2019, Plaintiff filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 using a form issued by the Court. Id., Document No. 289. As grounds for relief, Plaintiff argued as follows: (1) The District Court lacked subject matter jurisdiction; (2) Plaintiff was subjected to an illegal search and seizure; (3) The United States withheld Brady material; and (4) Plaintiff was denied effective assistance of counsel. Id. By Amended Proposed Findings and Recommendation entered on August 7, 2019, United States Magistrate Judge Robert W. Trumble recommended that Plaintiff's Section 2255 Motion be dismissed as premature because such was filed while Plaintiff's direct appeal was pending before the Fourth Circuit. Id., Document No. 305. On August 16, 2019, Plaintiff filed his "Motion to Concede 2255 Motion to Vacate" conceding "with dismissal but reserving all rights to file a 2255 Motion to Vacate with or in the court in the near future." Id., Document No. 312. By Order entered on August 28, 2019, the District Court construed Plaintiff's above Motion as a Motion to Dismiss his Section 2255 Motion and granted the Motion to Dismiss. Id., Document No. 320.

**C.    Second Section 2255 Motion:**

On October 31, 2019, Plaintiff, acting *pro se*, filed in the Northern District of West Virginia his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 348. As grounds for relief, Plaintiff argued as follows:

(1) Petitioner was denied both procedural due process and substantive due process by the loss and destruction of video recordings of the traffic stop and his interrogation;

(2) The four counts charging a violation of the Controlled Substance Act (21 U.S.C. § 841(a)) was multiplicitous;

 (3) Providing jurors with a 'lesser included offense' instruction constituted an amendment to the indictment;

 (4) The jury instruction on the felon in possession of a firearm offense omitted the required 'mens rea' element as identified in *Rehaif v. United States*, 139 S.Ct. 2191 (2019);

 (5) The Petitioner was denied a fundamentally fair trial contrary to the due process clause of the Fifth Amendment when prosecutors knowingly permitted Government witness, Heather Walling, to provide false and misleading testimony during the jury trial;

 (6) Corporal Boyles lacked authority to determine that the prosecution of Gregory Clinton was to be conducted in Federal court, thereby depriving Federal courts of jurisdiction as a citizen enjoys a liberty interest in not being hailed into court at all;

 (7) The Petitioner received ineffective assistance of counsel contrary to the due process clause of the Fifth Amendment and the Sixth Amendment; and

 (8) The Petitioner was denied assistance of counsel during his direct appeal from the convictions and sentences.

Id. On November 7, 2019, Plaintiff filed an Addendum to his Section 2255 Motion. Id., Document No. 354.

On December 6, 2019, Plaintiff filed his first Motion to Amend his Section 2255 Motion. Id., Document No. 370. In his Motion, Plaintiff stated that he wished to assert the following grounds for relief:

 1. Petitioner received ineffective assistance of counsel when the jury was permitted to return verdicts based on both the initial indictment and the superseding indictment, without objection from defense counsel.

 2. Following dismissal of Count One of the Indictment, the Court lost jurisdiction to adjudicate the Petitioner's guilty and/or impose a sentence.

Id.

On January 24, 2020, Plaintiff filed his second Motion to Amend his Section 2255 Motion. Id., Document No. 385. In his Motion, Plaintiff stated that he wished to amend his Section 2255 Motion to include the argument that the District Court was without jurisdiction as to both the original Indictment and the Superseding Indictment. Id. Plaintiff asserted that "Ground One has the exact same text as Case Number 3:08-cr-5," which proves the indictments were fraudulent. Id.

On February 13, 2020, Plaintiff filed his third Motion to Amend his Section 2255 Motion. Id., Document No. 393. In his Motion, Plaintiff stated that he wished to amend his Section 2255 Motion to include the argument that counsel was ineffective in failing to "investigate to verify the arrest warrant had a legal 'return.'" Id. By Order entered on April 30, 2020, the District Court granted Plaintiff's Motions to Amend and directed Plaintiff to make any amendment to his Section 2255 Motion on a Court-approved form within 30 days. Id., Document No. 415.

On April 30, 2020, Plaintiff filed his "Motion to Withdraw 2255 Motion to Vacate." Id., Document No. 416. Plaintiff explained that he was dismissing his Section 2255 Motion "in efforts to expedite the judicial process" because he was challenging the validity of his original and Superseding Indictments in a Section 2241 Petition. Id. Plaintiff again argued that his original and Superseding Indictments improperly alleged that Plaintiff possessed a firearm on August 11, 2008. Id. Plaintiff stated that "BOP records show [Plaintiff] was sentenced to 87 months on August 5, 2008, by Judge P. Bailey in Case Number 3:08-cr-5, a drug case – not a firearm as alleged in the original and Superseding Indictments." Id. By Order entered on May 1, 2020, the District Court granted Plaintiff's Motion to Dismiss his Section 2255 Motion. Id., Document No. 417.

D.     **Section 2241 Petition:**

On September 21, 2020, Plaintiff filed in the Northern District of West Virginia a "Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241." Clinton v. Hudgins, Case No. 3:20-cv-00179. In his Petition, Plaintiff asserts nearly identical grounds for relief as set forth in his Section 2255 Motion. Id. Specifically, Plaintiff sets forth the following grounds for relief: (1) Illegal sentence; (2) "Constructive Amendment/Jurisdictional Defect as to Count Two of Superseding Indictment;" (3) Double Jeopardy; and (4) "Illegal arrest warrants returned." Id. As relief, Plaintiff requests correction of his Criminal Judgment (Document No. 205), immediate release from custody, the return of property, and monetary damages. Id. The above Section 2241 Petition is currently pending.

**E.     Plaintiff's present filing.**

On August 14, 2020, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[2] In his Complaint, Plaintiff names Kevin Kerbs, who he identified as the Assistant Director of the Executive Office for United States Attorneys. Although he appears to list the EOUSA Office in the style of the case, he does not name the agency in Section II of the Complaint in which the parties are identified.   As his sole claim for relief, Plaintiff appears to allege that Mr. Kerbs has refused to give him copies of his five constructive trust accounts and the five or more bond numbers for his five criminal counts and their values. Plaintiff mentions a Ponzi or [pyramid] scheme and indicates that no signed notarized consent was given by him. Plaintiff maintains that the net worth of his bonds is "limitless," with an

---

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

estimated value of 100 trillion dollars. He goes on to allege 5th, 10th, and 14th Amendment violations, identity theft, affinity fraud, and violation of 18 U.S.C. §§ 241, 242. Finally, he alleges that the bonds in his criminal case were used to "create trusts and use bonds to pay government debt obligations." [Doc. 1 at 8]. For relief, Plaintiff seeks "5 Trillion Dollars for the Governments Illegal use of my 5 bonds and constructive trusts, and dissolve the 5 accounts used in case No. 3:17cr-5 ($5,000,0000,0000,000.00 for the use of my bonds) without consent. (Id.) (emphasis in original).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a person seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

FOIA requires federal agencies to release government records to the public upon request, subject to nine listed exceptions. See 5 U.S.C. § 552(b); Wolf v. CIA, 473 F.3d 370, 374 (D.C. Cir. 2007). A plaintiff complaining that an agency failed to comply with FOIA must show that an agency has (1) improperly (2) withheld (3) agency records. Dep't

of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989).; United We Stand Am., Inc. v. IRS, 359 F.3d 595, 598 (D.C.Cir. 2004). FOIA authorizes suit only against federal agencies, and the only remedy it provides for the improper withholding of records is injunctive relief. Kissinger v. Reporters Comm. For Freedom of the Press, 455 U.S. 136, 150 (1980); see also 5 U.S.C. § 52(a)(4)(B). That means that FOIA is remedied by ordering the production of agency records without money damages. See, e.g., Kennecott Utah Copper Corp v. Dep't of the Interior, 88 F.3d 1191, 1203 (D.C. Cir. 1996).

A complaint alleging a violation of FOIA is filed pursuant to a cause of action under 5 U.S.C. 555, Freedom of Information Act.  The Nature of Suit is 895 for purposes of docketing.  Here, to the extent the plaintiff may be seeking to force the Executive Office for United States Attorneys ("EOUSA") to provided documents in response to his FOIA request, the same has been improperly brought pursuant to Bivens.

Furthermore, Plaintiff's allegations that the individual Defendant, Kevin Kerbs, violated his Fifth, Tenth, and Fourteenth Amendment rights are also unsound.  Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), allows personal lawsuits for money damages against federal officials who violate known constitutional rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001); see also Thompson v. Pope, 397 F.Supp.2d 28, 32 (D.D.C. 2005). Liberally construed, Plaintiff is alleging that the individual Defendant's failure to produce records concerning "trusts and bonds" in response to his FOIA requests constitutes a constitutional deprivation for which he can recover damages.

The scope of Bivens is narrowly construed. See Malesko, 524 U.S. at 68 (Supreme Court consistently has "refused to extend Bivens liability to any new context or category

of defendant"). There is no Bivens remedy available where a statute provides a "comprehensive system to administer public rights." Spagnola v. Mathis, 859 F.2d 223,228 (D.C.Cir. 1988) (*en banc*) (*per curiam*); see also Bush v. Lucas, 462 U.S. 367, 373, 389-90 (1982) ((Bivens remedies are inappropriate when Congress has itself created a remedy or "declar[ed] that existing statutes provide the exclusive mode of redress"). FOIA presents such a statutory scheme. Johnson v. Exec. Office for Atty's, 310 F.3d 771, 777 (D.C.Cir. 2002). Therefore, Bivens does not provide any damage remedy for an alleged violation of FOIA by the individual Defendant.

Finally, the undersigned notes again that Plaintiff's complaint alleges that the government had no authorized consent from him to create trusts and use bonds to pay government debt obligations with the bonds from his Criminal Case No. 3:17-cr-5. In addition, Plaintiff alleges that the net worth of his bonds is limitless but then places a value of over 100 trillion dollars.

Of the factual claims that are a basis for frivolity dismissal under § 1915, "are claims describing fantastic or delusions scenarios with which federal district judges are all too familiar." Neitzke v. Williams, 490 U.S. 319, 328 (1989). The instant claims are clearly classified as such, and Plaintiff should not be allowed to waste additional judicial time and resources in a vain attempt to make sense of such outlandish claims.

## RECOMMENDATION

In consideration of the foregoing, the undersigned **RECOMMENDS** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted and as frivolous. It is further **RECOMMENDED** that Plaintiff's Motion

to Proceed *in forma* pauperis **[Doc. 2]** be **DENIED AND THE FEE WAIVED**, and Plaintiff's Motion for Summary Judgment **[Doc. 6]** be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**   Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 31, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE