IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

GREGORY K. CLINTON,

        Plaintiff,

v.

                                        CIVIL ACTION No. 5:21-CV-10
                                        Judge Bailey

MR. KEVIN KERBS, in his individual
capacity and THE EOUSA OFFICE,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 31, 2021, wherein he recommends that this case be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted and as frivolous, that plaintiff's Motion to Proceed *in forma* pauperis [Doc. 2] be denied and the fee waived, and plaintiff's Motion for Summary Judgment [Doc. 6] be denied. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

Plaintiff was charged with one count of being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count One), two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 844 (Counts Two and

Four), and two counts of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 844 (Counts Three and Five). Following a jury trial, plaintiff was convicted of Counts One, Four, and Five of the Superseding Indictment and of lesser included offenses as to Counts Two and Three of the Superseding Indictment. On August 27, 2018, the United States District Judge Gina M. Groh sentenced plaintiff to a total term of 264 months of imprisonment to be followed by five (5) years of supervised release.

In his Complaint, plaintiff asserts one claim: plaintiff alleges that Kevin Kerbs has refused to give him copies of his five constructive trust accounts and the five or more bond numbers for his five criminal counts and their values. *See* [Doc. 1 at 6]. Plaintiff also mentions a "ponzi or pyrimid (sic) scheme" and that "no signed notorized consent was given by" plaintiff. *See* [Id. at 7]. Plaintiff also asserts that his "net worth of [his] bonds are limitless" but then gives an estimate of "over 10 trillion dollars or more. . . ." *See* [Id.]. He also asserts Fifth, Tenth, and Fourteenth Amendment violations, as well as identity theft, affinity fraud and a violation of 18 U.S.C. §§ 241, 242. *See* [Id. at 8]. Lastly, plaintiff alleges that the bonds in his criminal case were used to "create trusts and use bonds to pay government debt obligations." *See* [Id.].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

2

150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections [Doc. 12] on April 12, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Moreover, as part of his objections, plaintiff filed a Motion for Injunctive Relief for Civil Action 5:21-cv-10 [Doc. 13] on April 12, 2020. This Court will look at the objections and the Motion for Injunctive Relief in turn.

## III. DISCUSSION

I.    **Objections to R&R**

In the R&R, Magistrate Judge Mazzone found that this case should be dismissed purusuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted and as frivolous.  First, Magistrate Judge Mazzone found that "to the extent the plaintiff may be seeking to force the Executive Office for United States Attorneys ('EOUSA') to provide[] documents in response to his FOIA request, the same has been improperly brought pursuant to *Bivens*."  *See* [Doc. 9 at 11].  Second, Magistrate Judge Mazzone found that plaintiff's allegations that Mr. Kerbs violated his Fifth, Tenth, and Fourteenth Amendment rights are unsound because *Bivens* does not provide any damage remedy for an alleged violation of FOIA by Mr. Kerbs. *See* [Id. at 11–12].  Lastly, Magistrate Judge Mazzone notes that the claims by plaintiff "are claims describing fantastic or delusion[ial] scenarios with which federal district judges are all too familiar." *See* [Id. at 12].

Plaintiff filed his objections [Doc. 12] to the R&R on April 12, 2021.  Therein, plaintiff asserts five objections to the R&R.  Four out of the five of plaintiff's objections assert that Magistrate Judge Mazzone erred by using the wrong case number and date with respect to the superseding indictment.  *See* [Doc. 12 at 2–6].  The other objection by plaintiff asserts that the jury erred because the wrong case number and date were used and "somebody lied to the jury."  *See* [Id. at 2–3].  It appearing to this Court that plaintiff's objections contain no actual legal objection to Magistrate Judge Mazzone's R&R, this Court will adopt the R&R.

4

## II.    Motion for Injunctive Relief

Moreover, plaintiff included a Motion for Injunctive Relief for Civil Action 5:21-cv-10 [Doc. 13 at 8–13].  Therein, plaintiff asserts that "the court must give [him] the benefit to grant injunctive relief and issue a federal court order" for the United States Attorneys' Office in Martinsburg, West Virginia, to release his records of his trust and bond accounts for five (5) criminal counts.  *See* [Id. at 8].

The standard for granting injunctive relief was articulated by the Supreme Court of the United States, which held in **Winter v. Nat. Res. Def. Council, Inc.**, 555 U.S. 7, 20 (2008), that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." . . .  A plaintiff seeking a preliminary injunction must establish that (1) [he] is likely to succeed on the merits, (2) [he] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [his] favor, and (4) an injunction is in the public interest.

*Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233, 256 (citing *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) (in turn citing *Winter*, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  *See East Tenn. Nat'l Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)).

Here, plaintiff fails to address any of the four prongs required to satisfy his burden in support of injunctive relief.  Accordingly, plaintiff's  Motion for Injunctive Relief for Civil Action 5:21-cv-10 [**Doc. 13**] is hereby **DENIED**.

### III. CONCLUSION

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation [**Doc. 9**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report, and this case is **DISMISSED**. Plaintiff's objections [**Doc. 12**] are hereby **OVERRULED**.  Furthermore, plaintiff's Motion to Proceed *in forma* pauperis [**Doc. 2**] is **DENIED AND THE FEE WAIVED**, and plaintiff's Motion for Summary Judgment [**Doc. 6**] is **DENIED**.  Plaintiff's  Motion for Injunctive Relief for Civil Action 5:21-cv-10 [**Doc. 13**] is hereby **DENIED**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: April 20, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

7